IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**DAVID CLARKE,**

**Defendant.**                                               **No. 11-CR-30152-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court is Clarke's December 11, 2014 motion for clarification and/or modification of forfeiture provision in defendant/petitioner's criminal judgment (Doc. 88). Clarke asks the Court to declare that his forfeiture obligation of $5.5 million be deferred until his is released from incarceration. The government filed an opposition to the motion arguing that there is no basis to amend his forfeiture obligation that was ordered in the judgment (Doc. 93). Based on the following, the Court dismisses for want of jurisdiction the motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is

proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Clarke does not cite any case law or statute that would allow the Court to consider this motion. Moreover, Rule 35 is inapplicable because this motion is brought over 2 and ½ years after the sentencing (April 5, 2012) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Clarke could bring this motion is a § 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is not clear to the Court that Clarke intends to pursue a collateral attack.[1] Because the Court finds that Clarke's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

---

1 **Error! Main Document Only.**The Court notes that Clarke already filed a Section 2255 petition which the Court denied and dismissed with prejudice on October 30, 2013. *See Clarke v. United States*, 13-0342; Docs. 15 & 16. On July 7, 2014, the Seventh Circuit issued its Mandate denying Clarke's certificate of appealability in the Section 2255 petition. *Id.* at Doc. 32. Thus, if Clarke wishes to file another Section 2255 he must seek permission with the Seventh Circuit Court of Appeals.

Accordingly, the Court **DISMISSES for want of jurisdiction** Clarke's motion for clarification and/or modification of forfeiture provision in defendant/petitioner's criminal judgment (Doc. 88).

**IT IS SO ORDERED.**

Signed this 23rd day of January, 2015.

Digitally signed by David R. Herndon
Date: 2015.01.23 12:19:02 -06'00'

**United States District Court**