IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**DAVID CLARKE,**

**Defendant.**                                                                 No. 11-CR-30152-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

On December 11, 2014, Clarke filed a motion for clarification and/or modification of forfeiture provision in defendant/petitioner's criminal judgment (Doc. 88). In that motion, Clarke asked the Court to declare that his forfeiture obligation of $5.5 million be deferred until his is released from incarceration. The government filed an opposition to the motion arguing that there is no basis to amend his forfeiture obligation that was ordered in the judgment (Doc. 93). On

January 23, 2015, the Court dismissed for want of jurisdiction the motion finding that Clarke did not cite any case law or statute that would allow the Court to consider his request for relief (Doc. 94). Thereafter, Clarke filed a request for reconsideration asking the Court to consider his previous motion under Federal Civil Rule 60(b)(6) (Doc. 95). Based on the following, the Court denies Clarke's request for reconsideration.

Although the Federal Criminal Code and Rules do not authorize or even mention motions to reconsider, *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (the rules of criminal procedure "lack a counterpart to the motions authorized by Fed.R.Civ.P. 50(b)(, 52(b) or 59"), the United States Supreme Court has held that motions to reconsider may be filed in criminal cases in district courts. *See United States v. Healy*, 376 U.S. 75, 77 (1964); *Rollins*, 607 F.3d at 502 ("[Motions to reconsider] are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure."); *United States v. Kalinowski*, 890 F.2d 878, 881 (7th Cir. 1989). Therefore, in appropriate circumstances, motions to reconsider may be filed in criminal cases and allow district courts the opportunity to promptly correct errors. *See Rollins*, 607 F.3d at 503 (citing *United States v. Dieter*, 429 U.S. 6, 8 (1976). Thus motions to reconsider can be filed in criminal cases and generally are "treated just like motions in civil suits." *Rollins,* 607 F.3d at 502. However, Clarke has identified no basis for relief under the Federal Rules of Civil Procedure governing such motions— Rule 59(e) or Rule 60(b).

Based on both the content of the motion and the date on which it was filed (more than 28 days after the ruling/judgment he challenges), Clarke's motion is most closely likened to a Rule 60(b) motion. That Rule permits a court to reconsider (and provide relief from) a prior order or judgment on certain enumerated grounds, such as mistake, newly discovered evidence, fraud, misrepresentation or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). *See also Musch v. Domtar Industries, Inc.,* 587 F.3d 857, 861 (7th Cir. 2009).

Motions to reconsider are not the appropriate vehicle to rehash previously rejected arguments. *Musch,* 587 F.3d at 861. *See also Neal v. Newspaper Holdings, Inc.,* 349 F.3d 363, 368 (7th Cir. 2003); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc. .,* 90 F.3d 1264, 1270 (7th Cir. 1996). Additionally, relief under Rule 60(b) "is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Savings Bank v. Popovich,* 71 F.3d 696, 698 (7th Cir. 1995).

On January 24, 2012, the Court entered a Preliminary Order of Forfeiture Pursuant to Fed.R.Crim.P 32 With Respect to David Clarke (Doc. 27). That Order contained a monetary forfeiture judgment of $5,500,000.00 in addition to the forfeiture of certain currency as described in the Preliminary Order and the Order Finding of No Third-Party Interests (Doc. 86). The Preliminary Order held:

> This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become final with respect to defendant David Clarke at the time of the defendant's sentencing, regardless of

> whether or not the rights of actual or potential third-party petitioners have been determined by that time.  This Order shall be made part of the sentence of defendant David Clarke and shall be included in the Judgment imposed against the defendant.  Although this Order is a final order with respect to the defendant, this Order may be later amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.
> A forfeiture judgment is entered in favor of the United States and against defendant David Clarke in the amount of $5,500,000.00. This judgment may be enforced as an ordinary monetary judgment, by the forfeiture of substitute assets, or by a combination of both, as long as double recovery is not obtained by the government.

(Doc. 27, ps. 2-3). In addition, 18 U.S.C. § 3612(c) provides that "[a]ny money received from a defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence:

> (1) A penalty assessment under section 3013 of title 18 United States Code.
>
> (2) Restitution of all victims.
>
> (3) All other fines, penalties, costs, and other payments required under the sentence."

Here, Clarke has provided no legal basis for the Court to amend or modify the forfeiture order in this matter.   Clearly, the Court intended the $5.5 million to be part of Clarke's judgment and financial obligations. His complaints about the Inmate Financial Responsibility Program should be handled administratively and there is no indication from the record that Clarke has filed an administrative complaint.   Clarke has demonstrated no basis for relief under Rule 60(b).

Accordingly, the Court **DENIES** Clarke's request for reconsideration (Doc. 95).

**IT IS SO ORDERED.**

Signed this 19th day of February, 2015.

Digitally signed by David R. Herndon
Date: 2015.02.19 11:30:25 -06'00'

**United States District Court**